Richard H. Edwards, Esq. County Attorney, Franklin
You have asked whether under certain circumstances a county legislator, whose spouse is employed by the county as a senior account clerk, has a conflict of interests.
You have explained that the position of senior account clerk is part of a bargaining unit with which the county is currently engaged in negotiations. Your question is whether the legislator should take part in executive sessions as a member of the county's legislative body to negotiate the employment contract and whether the legislator should vote with respect to the terms and conditions of the employment contract.
The governing body of each local government, including a county, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees (General Municipal Law, § 806 [1]). The code of ethics is required to provide standards for officers and employees with respect to disclosure of interests in legislation before the local governing body and generally is to include other standards relating to the conduct of officers and employees of the municipality (ibid.). I suggest that you examine the county's code of ethics to determine whether there are standards that apply to the questions you have raised. Additionally, if the county has a board of ethics you can request an advisory opinion of the board as to whether there is a violation of the county's code of ethics under the described circumstances. If standards are lacking, the county can consider amending its code of ethics or enacting a local law to regulate this area (see Municipal Home Rule Law, § 10 [1] [ii] [a] [1]).
We will give you our view as to whether the county legislator would have a conflict of interests should he act with respect to the described matters. In previous opinions of this office, we have emphasized that public officers have responsibility to exercise their official duties solely in the public interest (1984 Op Atty Gen [Inf] 122; 1986 Op Atty Gen [Inf] 82). Public officers should avoid circumstances which compromise their ability to make impartial judgments. The appearance of impropriety should be avoided in order to maintain public confidence in government.
In our view, the county legislator should take no part in executive sessions to negotiate the contract with the bargaining unit that includes his wife's position. Nor should the county legislator take part in any deliberations or actions concerning the salary and terms and conditions of employment of his wife in county government. These are matters in which the legislator has a distinctly personal, as opposed to governmental, interest. We believe that the husband/wife relationship may compromise the legislator's ability to make an impartial judgment and at least creates an appearance of impropriety that must be avoided (see 1986 Op Atty Gen [Inf] 101; Informal Opinion No. 88-34). The county is authorized to regulate this area through the amendment of its code of ethics or through the use of its home rule powers (General Municipal Law, § 806; Municipal Home Rule Law, § 10 [1] [ii] [a] [1]).
We conclude that a county legislator should recuse himself from taking any actions with respect to the salary and terms and conditions of employment of his spouse with county government.